# Du Bree, administratrix, *versus* Albert et al.

Where land is conveyed to a firm " to be held by them as partnership property . . . . according to the interests which they respectively have in the partnership," and the deed is duly recorded, a subsequent purchaser of an interest in this land, from a member of the firm, before a settlement of the partnership accounts, takes it as personalty, and ejectment will not lie by such purchaser against his own vendee to enforce payment of the purchase money.

May 4th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clearfield county :* Of July Term, No. 7.

Equitable ejectment, by M. M. Du Bree, administratrix of D. S. Du Bree deceased, against William Albert, George Albert and Henry Albert, with notice to A. F. Boynton and others trading as the " Woodland Fire Brick Company Limited,"—to

enforce payment of purchase money for an undivided one fourth part of two lots, with certain improvements thereon.

On the trial, before MAYER, P. J., the following facts appeared :—On March 1st 1870, William Albert, George Albert, Henry Albert, John McMath, Isaac Reese, Benjamin F. Reese, James Hammond and Thomas Hammond entered into a co-partnership under the name and title of the "Woodland Fire Brick Company." By a deed, executed February 7th 1871, William, George and Henry Albert conveyed to the partnership two pieces of land, one containing one acre and twenty-two perches, and the other one-quarter of an acre. The conveyance was to the partners according to their respective interests in the firm, viz: John McMath one-fourth, William, George and Henry Albert together one-fourth, Isaac and Benjamin Reese, and James and Thomas Hammond, each one-eighth; and the deed, which was duly recorded, set forth that the lots were conveyed to the parties of the second part, as a firm, to be held by them as partnership property. The one-fourth interest of James and Thomas Hammond in this property was conveyed by them July 22nd 1872, to McMath.

In October 1872 McMath agreed in writing to sell to L. G. Kessler and D. S. Du Bree a one-fourth interest in the Woodland Fire Brick Co., including real estate, personalty, book accounts, notes, cash, and everything thereto belonging, and to execute a deed free from all incumbrances for the one-fourth interest in the real estate, and also a three-eighths interest in a store,—McMath to retain two-eighths and the Alberts three-eighths ; and a firm was formed in the name of Kessler, McMath & Company, to carry on a store at the works. On June 28th 1876, in pursuance of this agreement, McMath conveyed to Kessler and M. M. DuBree, adminisratix of D. S. DuBree, this one-fourth interest in the lots, the deed reciting that it was the same one-fourth portion which McMath had purchased from the Hammonds. And in September of the same year Kessler conveyed his share of the property to M. M. Du Bree, thus vesting in her the one-fourth interest in these lots, for which the purchase money is claimed in this suit.

Previous to these conveyances, to wit, on June 1st 1874, Kessler and Du Bree by contract in writing agreed to sell and convey to the Alberts all their three-eighths interest in the store of Kessler, McMath & Company, and their one-fourth interest in the Fire Brick property, being "the same as bought of James and Thomas Hammond ;" the Alberts agreeing, as part consideration, to pay the outstanding liabilities of the partnership concern.

A portion of the consideration was paid, and this suit was brought by M. M. Du Bree to enforce the payment of the balance.

[Du Bree v. Albert.]

At the trial, January term 1882, defence was made by A. F. Boynton and others trading as the Woodland Fire Brick Company Limited, an organization formed under the Limited Partnership Act of 1874, shortly after the sale by Kessler and Du Bree to the Alberts.

Under instructions of the court a verdict was rendered for the plaintiff, subject to the opinion of the court on the question of law reserved,—whether an action of ejectment would lie under the circumstances. This question was subsequently decided in the negative—on the ground that under the conveyance of the property in suit by the Alberts to the Hammonds, of February 9th 1871, it was conveyed as partnership property, thus becoming personalty until a dissolution of the partnership; and that the subsequent grantees took it with notice of this fact.

The Court accordingly directed judgment to be entered for the defendants non obstante veredicto. Whereupon the plaintiff took this writ of error, assigning for error the order of the court directing the entry of judgment for defendants non obstante veredicto.

*Frank Fielding* (with whom were *George A. Jenks* and *Wm. D. Bigler*), for plaintiff in error.—Before the commencement of this suit the partnership had ceased to exist for partnership purposes, and a reconversion of the property in suit had taken place. The partnership was dissolved by act of the parties, as shown in the agreement of Alberts with Kessler and Du Bree, dated June 1st 1874, and by the express terms of this agreement, the defendants covenanted and agreed to pay, in addition of the price of the property therein stipulated, all the debts of the store and brick works, for which Kessler & Du Bree might be responsible. It was not incumbent on us to show that the real estate was no longer required for partnership purposes. Realty held by a copartnership for partnership purposes is personalty, in contemplation of law, only for distribution: Foster's Appeal, 24 P. F. S. 391.

*McEnally* and *McCurdy* (with whom were *Wallace* and *Krebs*), for defendants in error.—To maintain ejectment the thing sued for must be real estate, and it is well settled that partnership property, whether land or chattels, is, in law, personalty: Meily v. Wood, 21 P. F. S. 488; Foster's Appeal, 24 P. F. S. 391; Mining Association v. Reed, 30 P. F. S. 38; Foster v. Barnes, 31 P. F. S. 377. Also that neither an individual member of a partnership nor his vendee can claim or recover any particular portion of partnership property. This would enable one partner to subvert the purposes of the partnership; his interest being simply his share of the assets remaining

after the payment of the partnership debts: Lucus *v.* Laws, 3 Casey 211; Reinheimer *v.* Hemingway, 11 Casey 432; Lothrop *v.* Wightman, 5 Wr. 297. All the interest in the Woodland Fire Brick Company sold under the agreement of June 1st 1874, was personalty, and as such there could be no lien for the purchase money, and of course, no action of ejectment to enforce it. It remained partnership after the sale by Kessler and Du Bree, who simply went out of the firm, thus increasing the Alberts' interest. No reconversion of the property into real estate was shown. This can only happen when the purposes of the partnership are attained and its debts paid. Here the property was sold and conveyed without closing up the business.

Mr. JUSTICE MERCUR delivered the opinion of the court October 5th 1882.

The main contention is, whether this action of ejectment will lie for the enforcement of the plaintiff's right. It was brought to enforce payment of purchase money due from defendants under articles of agreement of June 1st 1874. They were entered into between Kessler and Du Bree (whose right is now in the plaintiff), of the first part, and William Albert & Bros. (that is, the three Albert defendants), of the second part, "both parties being members of the Woodland Fire Brick Company, of the firm of Kessler, McMath & Co." The party of the first part agreed to sell and convey "all their one-fourth interest in the Woodland Fire Brick Company, being the same as bought of James and Thomas Hammond; also their three-eighths interest in the store of Kessler, McMath & Co., consisting of the amount of stock which has been put in, as well as the proceeds up to date. And they do hereby transfer and set over to the party of the second part all their rights and claims in stocks, notes, and book accounts belonging thereto. In consideration of a specific sum, which they agreed to pay, and their further agreement to settle all the interest, whether assets or liabilities, of the party of the first part, in the one-fourth interest in the Woodland Fire Brick Company, and the three-eighth interest in the store of Kessler, McMath & Co." Although it does not appear on the face of the agreement, yet in fact the land now in contention was a part of the property of the Woodland Fire Brick Company, and which, by virtue of this agreement the plaintiff claims to recover. In February, 1871, the whole land, of which the plaintiff claims the right to recover the undivided fourth, was conveyed to John McMath, Isaac Reese, Benjamin F. Reese, James Hammond, William Albert, George Albert and Henry Albert, as copartners, composing the firm of the Woodland Fire Brick Company, to be held by them as partnership prop

erty according to their respective interests in the firm, which was stated to be as follows: McMath, one-fourth; the three Alberts jointly, one-fourth; each Reese and each Hammond, one-eighth. The deed was duly recorded within ten days thereafter. In July 1872, the two Hammonds, who thus owned one-fourth of the firm property, conveyed an undivided fourth of the land to McMath, one of their co-partners. In October 1872, the latter agreed to sell a one-fourth interest in all the property of the firm to Du Bree and Kessler, which was followed by a deed for the land in question in June 1876. Title thus acquired was what professed to be sold by the aforesaid agreement of June 1st, 1874.

The law is well settled that when a firm holds land, by deed expressed on its face to be the partnership property of the firm, it is stamped, so far as the partners are concerned, with all the attributes of personalty. It continues to be personalty until the partnership is dissolved, the business of the firm settled, and its debts paid. Until that time, it is held like other assets of the firm, and the extent of each partner's interest therein is to be ascertained on a final settlement. In the meantime, even a judgment against one partner will not be a lien on his interest in the land: Lucas v. Laws, 3 Casey 211; Erwin's Appeal, 3 Wright, 535; Meily v. Wood, 21 F. Smith 488; Foster's Appeal, 24 Id. 391; West Hickory Mining Association v. Reed, 30 Id. 38; Foster v. Barnes, 31 Id. 377.

As McMath, the three Alberts, and the two Hammonds were all members of the firm to which the land was conveyed as personalty, the former purchased the interest of the two Hammonds with both actual and record notice that it was so held. His memorandum of agreement was to sell to Du Bree and Kessler "one-fourth interest in the Woodland Fire Brick Company's works, including real estate, personal property, book accounts, notes, cash, and everything else thereto belonging. The said Du Bree and Kessler to pay three-fourths of all the debts against said firm." Thus, Du Bree and Kessler purchased an interest in the land as partnership property. The fact that a deed, free from all incumbrances, was to be made afterward, did not change its character. It still remained partnership property. A change was made of some members of the firm, but the firm continued, and this land remained a portion of its assets. When they made the agreement on which specific performance is now sought, they unmistakably treated it as the property of the firm, and the Alberts agreed to buy it as such. The firm is not yet dissolved. Its business is not yet settled. The interest of the two Reeses does not appear to have been divested. The land still continues a portion of the assets.

Ejectment will not lie to settle the rights between copart-

ners to their personal property. It is, therefore, not necessary to consider whether the firm was composed of general or limited partners, nor whether it would lie to recover a gross sum agreed to be paid for real and personal estate so blended together as to give no indication of the sum to be paid for the lands.

It follows the learned judge was clearly right in entering judgment in favor of the defendants non obstante veredicto.

Judgment affirmed.