# Ihmsen, Appellant, *v.* Huston.

*Partnership—Limited partnership—General partnership—Partner's interest in real estate—Personal property—Conveyance by personal representatives—Validity.*

1. Where real estate is held by a limited partnership, the interest of the partners therein is personal property, and upon the death of one of the partners, passes to his personal representatives.

2. Where, at the expiration of the term of a limited partnership, the business is, by agreement, conducted as a general partnership, although the real estate continues to be held in the name of the limited partnership, the same rule applies, and a conveyance by the personal representatives of a deceased partner, of their decedent's interest in the firm assets, will operate to convey his interest in the real estate of the partnership.

Argued Oct. 15, 1914.  Appeal, No. 151, Oct. T., 1914, by plaintiffs, from judgment of C. P. No. 4, Allegheny Co., First T., 1912, No. 328, for defendants in case of Henry P. Ihmsen, Paulinus I. Ihmsen, Herbert L. Ihmsen, Dominick O. Ihmsen, Ada I. Barton, Blanche I. Richards, Anna M. Ihmsen, and Henry P. Ihmsen, Paulinus I. Ihmsen, Herbert L. Ihmsen, Dominick O. Ihmsen, Ada I. Barton, Blanche I. Richards, Anna M. Ihmsen, and Grace Ihmsen (widow), heirs at law and next of kin of William P. Ihmsen. Deceased, v. J. R. D. Huston.  Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ.  Affirmed.

Ejectment to recover a decedent's interest in real estate of partnership.  Before Davis, J.

The facts appear by the opinion of the Supreme Court and in Ralston v. Ihmsen, 204 Pa. 588.

By agreement of the parties the case was tried by the lower court without a jury under the Act of April 22, 1874, P. L. 109.

The court directed judgment to be entered in favor of the defendant.  Plaintiffs appealed.

*Error assigned,* among others, was in directing judgment to be entered in favor of the defendant.

*L. C. Barton,* for appellants.

*A. M. Neeper,* for appellee.—The real estate in question was partnership property and therefore personalty at the time that the administrators conveyed the interest of the decedent in the partnership property to the surviving partners: Ralston v. Ihmsen, 204 Pa. 588; Metzger's Est., 242 Pa. 69; Hamner v. Griffith's Administrator, 1 Grant. 192; Bennethum v. Bowers, 141 Pa. 105; Bright v. Esterly, 199 Pa. 88.

Opinion by Mr. Justice Elkin, January 2, 1915:
This is an action of ejectment brought by the col-

lateral heirs and next of kin of Thomas O. Ihmsen, who died intestate May 30, 1901. By agreement of the parties the case was tried in the court below without a jury under the Act of April 22, 1874, P. L. 109, and hence all the findings of fact have the force and effect of a verdict. The subject matter of the controversy is an undivided interest in certain real estate. While the decedent through whom plaintiffs claim died in May, 1901, this suit was not instituted until December, 1911, during all of which time the property in dispute was in possession of defendant, or those under whom he acquired title. In order that the application of the law may be better understood it is necessary to briefly recite some of the material facts. In 1885, Thomas O. Ihmsen, the decedent, in association with four other individuals, formed a limited partnership under the Act of 1874. The partnership was limited to a term of five years, and he contributed about one-sixth of the capital and had his proportional interest in the business and assets of the firm. During the existence of the limited partnership the real estate in dispute here was purchased out of the partnership funds and was used for glass manufacturing purposes, being the business for which the partnership was formed. The title was taken in the name of the limited partnership and it stood in that name until April 25, 1903. At the expiration of the limited partnership term in 1890, the business was conducted as a general partnership by the consent and agreement of all the partners for a period of ten years without interruption. In December, 1900, Robert Cunningham, one of the partners died, but the surviving partners with the consent and approval of the personal representatives of the deceased partner, concluded to conduct the business as a general partnership just as it had been conducted prior thereto. The executors of the deceased partner were substituted to represent his share in the partnership and this was satisfactory to all concerned. Those interested in the estate of Robert Cunningham found

no fault with this arrangement, and Thomas O. Ihmsen evidently approved it because he remained in the partnership and received his share of the profits up to the time of his death. Certainly, under the facts thus stated, there can be no doubt of the existence of a general partnership at that time, nor can there be any question that his interest in the partnership was personalty. The title to the real estate was in the name of the limited partnership and was therefore personalty by the very terms of the statute. It is urged that under the law there was a conversion of the personalty to real estate immediately upon the expiration of the term of the limited partnership, and in a certain sense this is true. But what of it? All the partners then agreed that the business should be conducted as a general partnership, and that all the property and assets of the limited partnership should be used and enjoyed by the general partnership. Each partner retained the same proportional interest in the general partnership as that held by him in the limited association. The business was conducted in the same way, profits were divided in the same proportion, and the property was held in the same right and for the same partnership purposes. In other words it was partnership property and so understood by all the partners. This was the situation, and it so remained, until February 12, 1901, when the parties in interest passed a resolution dissolving the limited partnership and appointed three liquidating trustees to wind up its affairs and make distribution as authorized by statute. On March 16, 1901, a decree was entered by the Court of Common Pleas formally dissolving the limited partnership, confirming the schedule of distribution filed and discharging the liquidating trustees. This schedule of distribution simply showed the value of the share of each partner in the limited association, which was the exact amount contributed by each to the original capital of the limited partnership. Under that decree there was no actual division of the partnership property, nor was

there any distribution of the assets.    Just why these
proceedings were instituted does not clearly appear.
That partnership had expired by its own limitation more
than ten years prior to the entry of the formal decree of
dissolution by the court, and the interest of each party
in the limited association must of necessity relate back
to the time of its dissolution by expiration of the term
fixed by the articles of association.    However, this is not
material in the consideration of the present case, be-
cause the decree simply fixed the value of each interest
in the limited partnership assets in the exact amount
contributed by each to the original capital, and the
business was then continued by common consent of all
the partners as a general partnership.    After the entry
of this decree the business was conducted by the same
persons, holding the same interests, until the death of
Thomas O. Ihmsen, one of the partners.    If in point
of fact Thomas O. Ihmsen and the other partners agreed
among themselves to continue the business as general
partners after the formal dissolution of the limited
partnership by decree of court, with the same interests,
property and assets, and subject to the same terms and
conditions as existed prior to the dissolution, they clear-
ly had the right to do so, and by so doing, they would be
regarded in law as general partners, and the assets of
the firm including the real estate, would be personalty.
This is substantially the finding of the learned court be-
low and the evidence was ample to sustain it.    With the
facts so found, and no other conclusion could be reached
without disregarding the evidence as to what the part-
ners did, there can be no question as to the existence of
a general partnership at the time of the death of Thomas
O. Ihmsen, nor can it be doubted that the real estate in
dispute here was a part of the partnership property.
The title was held in the name of the limited partner-
ship just as it had been held from the time the real
estate was purchased in 1887 with partnership funds.
It had always been treated by the partners themselves

as partnership property, and Thomas O. Ihmsen in his life time never asserted anything to the contrary. After his decease the administrators of his estate entered into a written agreement for an accounting, appraisement and sale of the interest of Thomas O. Ihmsen to the surviving partners. The administrators refused to carry out the terms of that agreement and a bill was filed for specific performance. After hearing and full consideration a decree was entered requiring the contract to be specifically performed, and this necessitated the execution and delivery of a deed for the real estate in dispute here. An appeal was taken from that decree to this court where the whole question was broadly considered. The opinion was written by the present Chief Justice who pointed out that under certain circumstances contracts relating to personalty will be specifically enforced in cases where there is something peculiar in the subject of the contract that cannot be represented by damages, and where the measure of damages at law is uncertain or unascertainable because of the contingent nature of the property: Ralston v. Ihmsen, 204 Pa. 588. It was strongly urged in that case that the jurisdiction was in the Orphans' Court and that the Common Pleas was without power to specifically enforce a contract relating to personal property. The position of those who represented the estate of Thomas O. Ihmsen in that litigation was that his interest in the partnership being personalty, a contract relating to the same could not be specifically enforced in a court of equity. This contention did not prevail for the reasons pointed out in the case above cited. After that case was disposed of by this court the administrators executed and delivered a deed to the surviving partners for the real estate which is the subject matter of the present controversy in accordance with the terms of the decree. The surviving partners paid to the administrators, as the consideration for the transfer of the property, the amount fixed by the referees chosen by the parties for that purpose as the value of

the interest of Thomas O. Ihmsen in the partnership. The administrators filed their account charging themselves with the amount thus received and distribution was made to the parties entitled to the same. All this was done in the proper court in accordance with the requirements of law. As the record then stood the interest of Thomas O. Ihmsen in the partnership, including the real estate here involved, was sold and conveyed as personalty to the surviving partners; the purchase price agreed upon was paid in full, and a deed was executed and delivered under the authority and by the direction of a court of competent jurisdiction. The defendant holds under that title. A recital of these facts would seem to be a sufficient answer to all the contentions so ably and exhaustively pressed upon us by learned counsel for appellants.

We quite agree with learned counsel for appellee in the suggestion that it is immaterial in the decision of the present case whether the interest of Thomas O. Ihmsen in the real estate of the partnership be considered as real or personal property on March 20, 1901, because at that time he agreed that his interest should remain in the copartnership which was to continue the business, and this being his contribution to the partnership, what he contributed became part of the partnership property and therefore personalty: Du Bree v. Albert, 100 Pa. 483; Leaf's App., 105 Pa. 505; Stover v. Stover, 180 Pa. 425. We also agree that as between partners themselves, or their heirs and personal representatives, where the rights of creditors are not involved, real estate may be shown by parol to be partnership property, notwithstanding the title be in one of them only, or in them all as tenants in common: Shafer's App., 106 Pa. 49; Collner v. Greig, 137 Pa. 606; Hayes v. Treat, 178 Pa. 310. If this be true, and it has been so decided in many cases by this court, it certainly follows that where the real estate was originally purchased out of partnership funds, and the title taken in the name

of the then existing limited partnership, and so held during all the changes in the business which was subsequently conducted as a general partnership, the intention of the partners to treat the real estate as partnership property may likewise be shown by parol.

If the interest of Thomas O. Ihmsen at the time of his death was personalty, and it was so regarded by this court in Ralston v. Ihmsen, 204 Pa. 588, and it was likewise found as a fact by the learned court below in the case at bar, the administrators of the deceased partner, in order to avoid a forced sale, had the right to settle with the surviving partners upon such terms as in the exercise of good faith and reasonable discretion they chose to accept: Holme's App., 79 Pa. 279; Grim's App., 105 Pa. 375. This means that the interest of Thomas O. Ihmsen in the partnership at the time of his death, having been determined to be personalty, his administrators had the right to settle with the surviving partners and make conveyance of his interest in the real estate as they did under the decree of court. The title passed to the purchasers under the deed of conveyance, and the defendant standing upon that title has a good defense to the present action. This is what the court below held and in our opinion no other conclusion could be reached without doing violence to the established facts.

Counsel for appellee has raised some other interesting questions, but since the case has been decided upon the grounds hereinbefore set out, it will not be necessary to prolong this opinion by a discussion of them.

The defendant holds the record title to the real estate in dispute, and in our opinion it is good, not only as to these collateral heirs, but against all the world.

Judgment affirmed.