# Hall's Estate.

*Partnership—Real estate—Deceased partner's interest—Distribution—Realty or personalty—Intention of partners—Partnership agreement—Conversion.*

1. The interest of a deceased partner in partnership real estate is personalty and should be distributed as such among his legal representatives, where the property was conveyed to the partners as a firm, and not as individuals, and it was designated in the deed as partnership property for the use of the firm; as there is of necessity an out and out conversion.

2. Whether partnership real estate shall be treated as real or personal property, depends largely upon the intention of the parties.

3. Where a partnership agreement provided that should the partnership be terminated by the death of either of the parties, the surviving partner shall have the right to continue the business under the firm name by paying to legal representatives of the deceased partner the amount of the interest of such deceased partner, and the surviving partner elected to continue the business by paying to the legal representative of the deceased partner the appraised value of his interest in the firm, the amount representing the deceased's interest in partnership real estate is personalty, and subject to distribution as such among his legal representatives.

4. The rule that, after a partnership is dissolved and all its affairs closed and indebtedness liquidated, the property remaining in kind will resume its original form, and so pass to the individual partners, their heirs or legal representatives, has been more uniformly held applicable to real estate conveyed to the individual partners and treated as firm property for certain purposes only, in other words, where there was merely a quasi conversion, in any event it cannot be applied here under the partnership agreement and the action of the surviving partner.

*Partnership—Act of March 26, 1915, P. L. 18, Section 26—Personal property.*

5. Section 26 of the Act of March 26, 1915, P. L. 18, declaring that "a partner's interest in the partnership is his share of the profits and surplus, and the same is personal property," referred to, but not considered in connection with the case.

Argued January 8, 1920.   Appeal, No. 58, Jan. T., 1920, by Walter F. Hall, Willis E. Hall, Caroline A. H. Roberts, E. Roberts Hall, Haslett G. Hall and Z. Taylor Hall, Jr., from decree of O. C. Phila. Co., July T., 1918, No. 321, awarding distribution in the Estate of Harry B. Hall, deceased.   Before Moschzisker, Frazer, Walling, Simpson and Kephart, JJ.   Affirmed.

Exceptions by the widow of Harry B. Hall to decree of the auditing judge treating the interest of a deceased partner's interest in partnership real estate as real estate, and awarding it as such.   Before Anderson and Gummey, JJ.

The court sustained the exceptions: see 28 Pa. Dist. R. 311.   The brothers, sisters and nephews of the decedent appealed.

*Errors assigned* were the findings and the decree of the court sustaining exceptions to adjudication.

*Henry R. Edmunds,* with him *Roland R. Foulke,* for appellants.—There is no occasion for the doctrine of equitable conversion; the interest remains as real estate: Haeberly's App., 191 Pa. 239; Foster's App., 74 Pa. 391; Leaf's App., 105 Pa. 505; Ihmsen v. Huston, 247 Pa. 402.

The Uniform Partnership Act of 1915 is unconstitutional:

1. Because it contains provisions not clearly expressed in the title: La Plume Boro. v. Gardner, 148 Pa. 192; Com. ex rel. v. Samuels, 163 Pa. 283; Otto Township Road, 2 Pa. Superior Ct. 20; Bennett v. Sullivan Co., 29 Pa. Superior Ct. 120.

2. Because it is a special law changing the law of descent or succession: Ayar's App., 122 Pa. 266; Com. v. Clark, 14 Pa. Superior Ct. 435; Wood v. Phila., 46 Pa. Superior Ct. 573.

The sections of the Uniform Partnership Act in question are not applicable, even if it is held constitutional.

*Maurice Bower Saul,* of *Prichard, Saul, Bayard & Evans,* with him *Raymond M. Remick,* for appellee.— To consider the constitutionality of an act the point must be assigned as error: Hoffa v. Person, 1 Pa. Superior Ct. 357; Arthurs v. Smathers, 38 Pa. 40; Roller v. Meredith, 4 Pa. Superior Ct. 461; Jones v. Weir, 217 Pa. 321.

The Uniform Partnership Act is constitutional.

The title is sufficient and does not offend Article III, Section 2, of the Constitution: Com. v. Jones, 4 Pa. Superior Ct. 362; Blood v. Mercelliott, 53 Pa. 391; Com. v. Green, 58 Pa. 226; Washington Boro. v. McGeorge, 146 Pa. 248.

The act is not a special law changing the laws of descent or succession: Sugar Notch Borough, 192 Pa. 349.

OPINION BY MR. JUSTICE WALLING, February 2, 1920:

In 1909, Harry B. Hall, Walter F. Hall and Zachary T. Hall, being engaged in business as partners under the name of Hall & Carpenter, purchased the premises 518 and 520 Race street, in the City of Philadelphia. The deed conveyed the premises to Zachary T. Hall, Harry B. Hall and Walter F. Hall, copartners, trading as Hall & Carpenter, with habendum to have and to hold "as partnership property for the uses and purposes of said firm." Zachary T. Hall subsequently died, and Harry B. Hall and Walter F. Hall acquired his interest, including that in the said real estate, and entered into a new partnership agreement in 1912, under which they continued the business until the death of Harry B. Hall in 1917. The partnership agreement provided, inter alia, "that

should the partnership be terminated by the withdrawal or death of either of the parties to this agreement, that the remaining or surviving partner shall have the right to continue the business under the old firm name, by paying to the withdrawing partner, or to his legal representative, the amount representing the share or interest of the said withdrawing or deceased partner." The surviving partner elected to continue the business by paying to the legal representative of the deceased partner the sum of $65,706.94, the appraised value of his interest in the firm, which included $8,500, as the deceased's one-half interest in the Race street property. Harry B. Hall died, intestate, leaving a widow and collateral relatives; and this appeal by the latter is from the decree of the orphans' court making distribution of the $8,500 as personal estate.

The decree was right. Whether partnership real estate shall be treated as real or personal property depends largely upon the intention of the parties. Here the intent that it shall be personal property clearly appears in that the deed is made to the partners as a firm and not as individuals, or as tenants in common, and in that it is therein designated as partnership property for the use of the firm. As such it is personalty under all the authorities, for, "in the case of land agreed to be made partnership stock, there is of necessity an out and out conversion": Meily v. Wood, 71 Pa. 488, 494. "The law is well settled that when a firm holds land, by deed expressed on its face to be the partnership property of the firm, it is stamped, so far as the partners are concerned, with all the attributes of personalty": DuBree v. Albert, 100 Pa. 483, 487. That conclusion is strengthened here by the agreement which gives the surviving partner the right to continue the business under the old firm name, upon payment of the amount representing the deceased partner's share to his legal representative. The fact that the entire partnership interest, involving both real and personal estate, is blended and made payable to the legal

representative tends to show that it was all treated as personalty. In the recent case of Ihmsen v. Huston, 247 Pa. 402, the interest of a deceased member in firm real estate is held personalty and subject to sale and distribution as such by the legal representatives (and see Hayes v. Treat, 178 Pa. 310, 323; Collner v. Greig, 137 Pa. 606, 612; Warriner v. Mitchell, 128 Pa. 153; Leaf's App., 105 Pa. 505). That is the generally accepted American rule where partnership real estate is treated by the firm as personalty for all purposes. See Rowley's Modern Law of Partnership, sections 627, 628. "The authorities concur in holding that firm real estate will not lose its character of personalty in being used not only in payment of the firm debts, but in making a division of firm assets between the members on the dissolution of the partnership, and that it will retain this character not only as between the partners themselves, but also as between the partners and their creditors and also on the death of a partner as between the survivors and the representatives of the deceased partner": Ruling Case Law, vol. 20, sec. 74, p. 865. True, it has been held that after a partnership is dissolved and all its affairs closed and indebtedness liquidated, the property remaining in kind will resume its original form and so pass to the individual partners, their heirs or legal representatives. To that effect are Foster's App., 74 Pa. 391, and Haeberly's App., 191 Pa. 239. That rule has been more uniformly held applicable to real estate conveyed to the individual partners and treated as firm property for certain purposes only, in other words, where there was merely a quasi conversion. In any event it cannot be applied here; for, while the partnership was dissolved by the death of Harry B. Hall, its affairs were not settled nor the business closed, nor any specific property left for distribution in kind. On the contrary, the surviving partner continued the business as was his right under the partnership agreement, and retained the entire property; hence all that passed to the deceased

partner's estate was the appraised value of his interest in the business; and as the firm property was personalty the money received therefor cannot be treated as real estate.

We do not deem it necessary to consider the Act of March 26, 1915, P. L. 18, "Relating to and regulating partnerships," nor whether this case falls within section 26 thereof (p. 24) that, "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property"; for aside from the act the case was properly decided.

The decree is affirmed at the costs of appellants.