# Ralston v. Ihmsen, Appellant.

*Equity—Specific performance—Insufficient remedy at law.*

The specific performance of a contract will be decreed on account of the damages at law being an insufficient remedy, where there is something peculiar in the subject of the contract that cannot be represented by damages, and where the measure of damages at law is uncertain or unascertainable because of the contingent nature of the property.

Equity will enforce the specific performance of a contract made by the administrators of a deceased partner to sell the interest of the decedent to the surviving partners at a price to be fixed by referees, where it appears that the business conducted by the partnership was a glass manufacturing business, and that the interest of the deceased partner was of a peculiar and specific value to the purchasers, as the possession of it enabled them to continue without interruption a business to which they had contributed most of the capital. In such a case the court of common pleas, and not the orphans' court, has jurisdiction.

*Arbitration—Finding of arbitrators—Sale of interest in partnership.*

Where an agreement for the sale of an interest in a partnership provides that the value of the interest shall be determined by two referees, and if the two referees cannot agree they shall choose a third and that the finding of the referees or two of them shall be conclusive, the findings of the referees is not vitiated by the fact that the two referees originally

chosen agreed upon the value of all the property, except certain furnaces and ovens, as to the value of which they had no knowledge, and chose a third referee who, as an expert, valued the furnaces and ovens, and accepted the valuation of the original referees as to the other property. In such a case the objection that all of the referees did not pass on the value of each item of property is without merit.

Submitted Nov. 4, 1902. Appeal, No. 123, Oct. T., 1902, by defendants, from decree of C. P. No. 1, Allegheny Co., March T., 1902, No. 291, on bill in equity in case of John Ralston et al. v. Herbert L. Ihmsen et al., Administrators of Thomas O. Ihmsen, Deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance of an agreement in writing on the part of the defendants to sell the interest of their decedent in a business conducted by the plaintiffs and decedents as partners.

The material portion of the agreement was as follows:

"Now, therefore, this agreement witnesseth, that we, Herbert L. Ihmsen and D. O. Ihmsen, administrators of the estate of Thomas O. Ihmsen, deceased, John Ralston, William S. Cunningham, B. J. Stenger and B. J. Stenger and Mary A. Stenger, executors of the estate of Robert Cunningham, deceased, do hereby agree to submit to arbitrators or referees without exception or appeal, the question as to the value of the interest of Thomas O. Ihmsen, deceased, in the partnership association of Cunninghams & Company, Limited, and the copartnership of Cunninghams & Company and Cunninghams & Company, Limited, to include all interest which said Thomas O. Ihmsen's estate has or may have in said real estate, leasehold and all of the copartnership assets of said firm or partnership association, and for that purpose the said Herbert L. Ihmsen and D. O. Ihmsen, administrators as aforesaid, have selected D. C. Snyder, of the city of Pittsburg, as one of the arbitrators or referees, and the said John Ralston, William S. Cunningham, B. J. Stenger and B. J. Stenger and Mary A. Stenger, executors of the estate of Robert Cunningham, deceased, have selected C. Frederick Leng, of the city of Pittsburg, aforesaid, as the other arbitrator or referee; the said D. C. Snyder and C. Frederick Leng to proceed at once to determine the value of the interest of the

said Thomas O. Ihmsen, deceased, in said real estate and all co-partnership assets of Cunninghams & Company and Cunninghams & Company, Limited. But in case said D. C. Snyder and C. Frederick Leng cannot agree between themselves as to the value thereof, then they shall call in a third party to be mutually chosen by them to act with them as an arbitrator or referee in said matter. And it is mutually agreed and understood that the award in writing of the said arbitrators or referees, or any two of them, shall be final and conclusive as to the value of the interest of said Thomas O. Ihmsen, deceased, in the said firm of Cunninghams & Company, Cunninghams & Company, Limited, and said real estate and on any matter or thing touching or concerning the interest of said Thomas O. Ihmsen, deceased, therein; and each and every of said parties to this agreement do hereby waive any right of action, suit or suits or other remedy at law or otherwise touching the interest of said Thomas O. Ihmsen in said co-partnership or partnership association, so that the decision of said arbitrators or referees, or any two of them, shall be in the nature of an award in writing, final and conclusive as determining the value of the interest of said Thomas O. Ihmsen aforesaid.

" And immediately after the value of said interest is fixed and determined by said arbitrators, or any two of them, and on the payment of the amount thereof to them, the said Herbert L. Ihmsen and D. O. Ihmsen, administrators as aforesaid, covenant and agree that they will, at their own proper cost and charges, grant, convey and assure unto the other parties to this agreement, all of the interest of the said Thomas O. Ihmsen, deceased, in said co-partnership property, real estate, and partnership association in such a manner as will fully vest the title and ownership thereof in said other parties."

The referees named in the agreement made a valuation of all of the property, except the furnaces and ovens. They selected H. L. Dixon as a third referee and as one having expert knowledge of the value of furnaces and ovens. Dixon accepted the valuation of the other property made by the other two referees and appraised the furnaces and ovens himself. His valuation was accepted by Lane, but not by Snyder. Lane and Dixon signed the final appraisement.

The court entered a decree for the specific performance of the contract at the appraisement made by the referees.

*Error assigned* was the decree of the court.

*L. C. Barton,* for appellants.—The orphans' court had exclusive jurisdiction : Act of June 16, 1836, section 19, P. L. 784; Brightly's Equity Jurisdiction, section 915; Johnson's App., 114 Pa. 132; Miller v. Coffman, 16 W. N. C. 423; Lowry's App., 114 Pa. 219; Ainey's App., 11 W. N. C. 568; Hulse's Est., 12 Phila. 130; Mussleman's App., 65 Pa. 480; Bell's App., 71 Pa. 465; Bickley v. Biddle, 33 Pa. 276; Yocum v. Commercial Nat. Bank, 195 Pa. 411; Whiteside v. Whiteside, 20 Pa. 473; Grim's App., 105 Pa. 375.

All the arbitrators must hear the case and deliberate : Painter v. Kistler, 59 Pa. 331.

A submission whether by deed or otherwise, may be revoked before execution, though it be declared to be irrevocable: Power v. Power, 7 Watts, 205; Buckwalter v. Russell, 119 Pa. 495; Offerman v. Packer, 26 Legal Int. 205; Huston v. Clark, 9 W. N. C. 316; Wood v. Finn, 1 Clark, 396; McKenna v. Lyle, 155 Pa. 599; Shisler v. Keary, 75 Pa. 79.

*Levi Bird Duff,* with him *L. B. D. Reese,* for appellees.— The orphans' court has no jurisdiction in a case of this kind : Miller's Est., 136 Pa. 349; Wiley's Executors' App., 84 Pa. 270.

Administrators have authority to submit a matter to arbitrators : Peters's Appeal, 38 Pa. 239.

The agreement and the award made in pursuance thereof will be enforced in equity : Waterman on Specific Performance, secs. 45–47.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

The court had jurisdiction in this case, and it was properly exercised in granting the relief prayed for. The bill was to enforce the specific performance of a contract made by the administrators of a deceased partner to sell the interest of the decedent to the surviving partners at a price to be fixed by referees. The contract was not that of the decedent, but that

of the administrators for the settlement of the partnership affairs by the statement of an account, the ascertainment of the interest of the deceased partner, and the sale thereof.    The jurisdiction was in the common pleas and not in the orphans' court: Wiley's Executors' Appeal, 84 Pa. 270; Miller's Estate, 136 Pa. 349.    The value of the interest having been determined in the manner provided for, and payment tendered and refused, the plaintiffs were entitled to a decree for specific performance.    The thing contracted for was an interest in a glass manufacturing business, nearly the whole value of which was in the plant and fixtures.    The purchase was not with a view to the general profit, but because the interest was of peculiar and specific value to the purchasers, as the possession of it enabled them to continue without interruption a business to which they had contributed five sixths of the capital.    For the breach of this contract the law could furnish no complete remedy.    The purchasers could be made whole only by the delivery of the thing bought.    Specific performance of a contract will be decreed on account of the damages at law being an insufficient remedy, where there is something peculiar in the subject of the contract that cannot be represented by damages, and where the measure of damages at law is uncertain or unascertainable because of the contingent nature of the property: Notes to Cuddee v. Rutter, 1 Lead. Cases in Equity, 1094.    Referring to the instances in which contracts relating to personalty will be specifically enforced because the damages in money cannot be ascertained, it is said in Bispham's Equity, sec. 370: " In short an agreement will be enforced specifically in a court of equity where the specific thing or act contracted for and not mere pecuniary compensation is the redress practically required."

The referees chosen by the parties agreed upon the value of all the property of the firm except the furnaces and ovens, of the value of which they had no knowledge.    As provided by the agreement, they chose a third referee who was an expert as to the value of these things, and the appraisement was completed and an award made, which by the agreement was to be final and conclusive as determining the value of the interest. The objection that all of the referees did not pass on the value of each item of property in estimating the value of the interest

is without merit. The two appraisers selected by the parties agreed as to the value of certain items, and the third appraiser was selected with the understanding that there had been an agreement as to these matters which he was to accept, and that he was to assist in the appraisement of the remaining items only. He accepted the appraisement made as far as it went, and it was not a subject of dispute. There was no revocation of the agreement of reference. The notice given by the appellants was not to the surviving partners but to the third referee, objecting to his acting for the reasons stated, that he had not been chosen; and that there had been an adjournment because of the failure of the referees to agree. Neither of these reasons was valid, and the notice was without effect.

The decree is affirmed at the cost of the appellants.