Dunn, Appellant, *v.* Hild.

Argued December 4, 1936.  Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Herman Moskowitz,* for appellant.

*George T. Steeley, William A. Carr* and *Sidney L. Krauss,* for appellee, were not heard.

PER CURIAM, January 11, 1937:

Plaintiff filed this bill in equity to set aside a judgment entered against him and for repayment of the sums already paid thereon to the defendant.  The parties are father and daughter.  The latter had sued her father for money she claimed to be due her in connection with the lease of a theatre which the father owned.  When the case was called for trial on January 19, 1932, a written compromise stipulation was entered into, signed by the attorneys for both parties and approved in writing by the parties themselves and by the court, as a result of which a verdict was rendered against the father for $12,600, upon which judgment was entered.  In the stipulation he waived all right of appeal and agreed that judgment should be entered.  The agreement provided that the defendant might pay the judgment in monthly installments.  Availing himself of this privilege, the father paid to his daughter $1,884.75 in the time between the entry of the judgment and the filing of this bill on

November 4, 1935, a period of more than three years and nine months.

The bill avers that the daughter's suit at law was false and fraudulent; that no cause of action existed in her against her father; that her suit was begun and prosecuted solely to defraud him; that its falsity was known to the daughter at all times; and that, as a legal consequence, the stipulation upon which the verdict and judgment were entered was without consideration and void.*

The chancellor sustained preliminary objections to the bill upon grounds not necessary to be recited, because plaintiff has a complete remedy at law on an application to open the judgment. This is now the established practice. We may add that had the proceeding been by application to open the judgment the reasons assigned by the chancellor for dismissing the bill would apparently operate to prevent its opening.

The court below is directed to certify the proceeding to the law side of the court. Costs to abide the result.

---

* A feature of the litigation between these parties was before us in *Hild v. Dunn*, 310 Pa. 289.