Luitweiler et al., Appellants, *v.* Northchester Corporation.

Argued November 14, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Stanton C. Kelton,* with him *Bucks County Legal Aid Society,* for appellants.

*Steven A. Cotlar,* with him *Cotlar and Mantz,* for appellee.

Opinion by Mr. Justice Pomeroy, May 22, 1974:

This is an appeal from a decree of the Court of Common Pleas of Bucks County sustaining preliminary objections to the appellants' complaint in equity.[1]

---

[1] Since the decree sustaining preliminary objections also dismissed the complaint, it is an appealable decree under the Act of July 31, 1970, P.L. 673, No. 223, art. II, §202(4), 17 P.S.§211.202

The complaint, which has been brought as a class action, avers that the appellants are tenants of the appellee in a large apartment complex; that the appellants' water is heated by bottled propane gas, which can be purchased from the appellee-landlord for $10 per 100 pound tank, or from an independent supplier for $8 per 100 pound tank; and that the appellee raises the rent of any tenant purchasing gas from someone other than the landlord by the amount of $2 per month. Two of the appellants, it is averred, are purchasing gas from an independent supplier, and their rent, accordingly, has been raised $2 per month; the remaining two appellants are purchasing gas from the landlord, but allege that they are doing so only because they are restrained by the $2 per month surcharge from purchasing their gas elsewhere. Thus the appellants have divided themselves into two groups of plaintiffs, each group purporting to bring the action on behalf of the members of that group and others similarly situated,[2] seeking to enjoin the landlord's practice, as above described, to recover past payments of the surcharge, and to be awarded punitive damages in the amount of $10,000.[3]

The defendant filed preliminary objections to the complaint, asserting (1) that the plaintiffs have an adequate remedy at law, (2) that the members of the two

---

(4) ; *Alexander v. Mastercraft*, 455 Pa. 579, 317 A.2d 278 (1974) ; *Hudock v. Donegal Mut. Ins. Co.*, 438 Pa. 272, 276, 264 A.2d 668 (1970).

[2] The complaint alleges that there are 1100 units in the defendant's apartment complex, and that the majority of these use bottled propane gas (the exact number being within the exclusive knowledge of the defendant). Accordingly, both classes are alleged to be too numerous for joinder as individual parties plaintiff.

[3] An independent supplier of propane gas was also a party to the complaint; he alleged interference by the appellee in the servicing of the supplier's customers who are tenants of the appellee. He is not, however, a party to the appeal.

asserted classes are not too numerous for joinder, (3) that the plaintiffs will not adequately represent those classes, and (4) that the plaintiffs do not come into equity with clean hands.[4] The court below sustained these objections and dismissed the complaint.[5]

We note preliminarily that the objection that plaintiffs are guilty of unclean hands is not a proper matter for preliminary objections. Pa. R. C. P. No. 1017(b). This is an affirmative defense, *Shapiro v. Shapiro*, 415 Pa. 503, 505, 204 A.2d 266 (1964), and should be raised as new matter under Pa. R. C. P. No. 1030. The appellee conceded this point below, and does not argue it on appeal.

We also find the assertion that plaintiffs have an adequate remedy at law to be without merit. We have held consistently that equitable relief is available to prevent a multiplicity of lawsuits. *Schrader v. Heath,* 408 Pa. 79, 83, 182 A.2d 696 (1962); *Pennsylvania State Chamber of Commerce v. Torquato,* 386 Pa. 306, 329, 125 A.2d 755 (1956); *Schwartz v. Laundry &*

---

[4] The preliminary objections also moved to strike a paragraph in the complaint as scandalous and impertinent. Since the sustaining of this objection does not have the effect of dismissing the complaint, it is not reviewable at this time. *Hudock v. Donegal Mut. Ins. Co.,* 438 Pa. 272, 276-78, 264 A.2d 668 (1970).

[5] After the appellants had filed notice of appeal, the lower court filed a memorandum opinion stating that the complaint had been dismissed because it failed to state a cause of action. No demurrer, however, had been included in the preliminary objections. Although our rules do allow certain matters to be raised by the court on its own motion, a failure to state a cause of action is not one of them: Pa. R. C. P. No. 1032(2). *(See also* 2 Goodrich-Amram, Civil Practice, §1509(c)-2, p. 70, indicating that, in a proper case, a court may, sua sponte, transfer an equity action to the law side of the court.) This failure to state a cause of action is not waived because not objected to preliminarily; it may be raised at later stages. *See* Pa. R. C. P. §1032(1); 1 Goodrich-Amram, Civil Practice, §1032-5. Accordingly, we will limit our consideration of the decree appealed from to the preliminary objections which were raised.

*Linen Supply Drivers' Union, Local, 187,* 339 Pa. 353, 358, 14 A.2d 438 (1940). In the present case, the plaintiffs allege a monthly imposition of an illegal surcharge; in view of the continuing nature of the alleged injury, relief at law could be obtained only through a succession of damage actions. Equity, consequently, is the proper forum for this complaint.

The remaining two preliminary objections challenge the propriety of maintaining this action as a class action under Pa. R. C. P. No. 2230.[6] The first challenge is that appellants will not adequately represent all persons claimed to be in the classes. In determining the ability of a plaintiff to represent adequately a purported class, as required by the rule, it must appear that the relief sought is beneficial to the class members, and that the plaintiffs' interests be consonant with those of the other members of the class. *Penn Galvanizing Co. v. Philadelphia,* 388 Pa. 370, 379, 130 A.2d 511 (1957); *Oas v. Commonwealth,* 8 Commonwealth Ct. 118, 125-27, 301 A.2d 93 (1973). The relief sought in the present case is facially beneficial to both of the classes set forth in the complaint, since it is directed at removing a financial burden upon the members of both groups when they seek to purchase propane gas from someone other than the appellee. Nor does it appear that the plaintiffs have any interests which are adverse to those of the class; they stand in the same relationship to the landlord as do the tenants whom they would

---

[6] The text of the rule is as follows:

"(a) If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto.

"(b) An action brought on behalf of a class shall not be dismissed, discontinued, or compromised nor shall a voluntary nonsuit be entered therein without the approval of the court in which the action is pending. Adopted June 7, 1940. Eff. Feb. 5, 1941."

represent and they would benefit from the relief sought to the same extent as all other members of their class.

Appellee's other challenge to the maintenance of this suit as a class action is that the persons constituting the two classes are not so numerous as to make it impracticable to join them as parties. The appellants, in their complaint, assert that more than half of the 1100 units in appellee's apartment complex use bottled gas for heating their water, so that it is clearly possible that both classes identified in the complaint contain enough members to justify a class action. The chancellor's opinion expresses doubt that there are indeed other persons similarly situated to the named plaintiffs in either of the asserted classes, and states that "[t]his is a class action in name only". On the record before us, however, we are not able to determine this matter, and are unable to perceive how the trial court could do so. When factual issues are created on preliminary objections, the trial court should resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing: *Peters Sportswear Co., Inc. v. Eastland Woolen Mills, Inc.*, 427 Pa. 135, 136-37, 233 A.2d 557 (1967); *Szekely v. Abilene Flour Mills Co.*, 211 Pa. Superior Ct. 442, 446, 237 A.2d 242 (1967); Pa. R. C. P. No. 1028(c). No facts were developed in this case to permit an informed disposition of this class action objection.[7]

Accordingly, the decree of the court of common pleas is vacated and the case is remanded for further proceedings consistent with this opinion. Costs on appellee.

Mr. Justice ROBERTS concurs in the result.

---

[7] If the issue is resolved against the appellants, the complaint should not be dismissed, but the appellants should be permitted to proceed on their own behalf. *McMonagle v. Allstate Ins. Co.*, 122 P.L.J. 107 (C.P. Allegheny Co., 1973), aff'd, 227 Pa. Superior Ct. 205, 324 A.2d 414 (1974); 3 Goodrich-Amram, Civil Practice, §2230(a)-1.