352 A.2d 12

**Lawrence M. KLEMOW, Appellant,**

**v.**

**TIME INCORPORATED.**

Supreme Court of Pennsylvania.

Argued July 1, 1975.

Decided Jan. 29, 1976.

Rehearing Denied March 5, 1976.

190

Richard A. Ash, Stephen P. McGuire, Herbert B. Newberg, Eric J. Fischer, Philadelphia, for appellant.

Philip H. Strubing, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Lawrence Klemow was a subscriber to LIFE Magazine, formerly published by appellee Time, Inc. In December 1972 appellee announced that after the December 29, 1972 issue LIFE would no longer be published. On December 11, 1972, appellant instituted this class action in equity seeking an injunction to compel appellee to continue publishing LIFE. The prelimi-

nary injunction was denied.[1]  As finally amended, appellant's complaint sought damages alleging that Time's offers to those with unexpired subscriptions to LIFE of other magazines, books or refunds were inadequate.

Appellee filed preliminary objections [2] to the amended complaint contending, inter alia, that (1) appellant had an adequate remedy at law; and (2) the action was not properly a class action because "each member of the alleged class is severally entitled to recover money damages and . . . the amount to be recovered and the basis for determining that amount will vary among members of the alleged class."

[2]  During the fifteen months which elapsed before the trial court ruled on the preliminary objections the parties were directed to answer questions propounded sua sponte by the trial court, concerning the class, costs, and damages sought to be proved.[3]  On June 28, 1974, the court filed a "decision" and order dismissing appellant's action as a class action, and dismissing the individual action without prejudice "since [appellant] has an adequate remedy at law."  The opinion of the trial court, en banc, dismissing the action stated:  (1) plaintiff can-

1.  The request for an injunction directing Time, Inc., to continue publication of LIFE was, in effect, an action for specific performance of the subscription contract.  We agree with the trial court that this was not a proper case for specific performance.  See *Payne v. Clark,* 409 Pa. 557, 566, 187 A.2d 769, 771 (1963); *Ralston v. Ihmsen,* 204 Pa. 588, 592, 54 A. 365, 366 (1903).

2.  Pa.R.Civ.P. 1017(b), 1509.

3.  There is no authority to support the trial court's directing interrogatories to the parties on its own motion.  The information sought by the court, necessary for an adjudication of the merits of the action should be established in the record by the parties through discovery and at trial.  The trial court is not empowered to conduct its own fact finding investigation.  Its actions here were inconsistent with the established role of the trial court in adversary litigation.  See American Bar Association Standards of Judicial Administration, Standards Relating to Trial Courts, § 2.-00, and commentary thereto; cf. *Commonwealth v. Butler,* 448 Pa. 128, 291 A.2d 89 (1972); *Commonwealth v. Myma,* 278 Pa. 505, 123 A. 486 (1924).

not recover punitive damages; [4] (2) "plaintiff cannot show that damages for himself and the class will be more than nominal;" and (3) "to handle this case as a class action here would not be judicially or economically feasible." We vacate the decree and remand for further proceedings.[5]

The order of the trial court sustained the preliminary objection that appellant had an adequate remedy at law. Rule 1509 of the Pennsylvania Rules of Civil Procedure provides:

"(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court."

In *Shaffer v. Dooley*, 452 Pa. 414, 308 A.2d 597 (1973), the Court held, in a unanimous opinion by Mr. Chief Justice Jones, that Rule 1509(c) requires that the chancellor certify an action to the law side of the court when a preliminary objection that there is an adequate non-statutory remedy at law is sustained. See *Trimble Services, Inc. v. Franchise Realty Interstate Corp.*, 445 Pa. 333, 285 A.2d 113 (1971); *Setlock v. Sutila*, 444 Pa. 552, 282 A.2d 380 (1971); *Holiday Lounge, Inc., v. Shal-*

---

4. The punitive damage issue was not raised in the preliminary objections and therefore was not, at that point, presented for resolution by the trial court. If the punitive damages issue were raised by preliminary objections it might be treated as a motion to strike. See *Hudock v. Donegal Mut. Ins. Co.*, 438 Pa. 272, 264 A.2d 668 (1970).

5. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975). Appellee has filed a motion to quash the appeal contending that the order of the trial court dismissing the action as a class action is not a final, appealable order. This motion is without merit and is denied. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975); *Lee v. Child Care Services*, 461 Pa. 641, 337 A.2d 586 (1975), U. S. appeal dismissed for want of a substantial federal question, 44 L.W. 3263 (Nov. 3, 1975).

*er Enterprises Corp.*, 441 Pa. 201, 272 A.2d 175 (1971); *Siegel v. Engstrom*, 427 Pa. 381, 235 A.2d 365 (1967). Thus, even though we agree that this is not a proper case for equitable relief, it was error for trial court to dismiss the action instead of transferring the action to the law side of the court for disposition.

██ This appeal is not so easily resolved, however. Appellee concedes that the discontinuance of publication constituted a breach of the subscription contracts. By deciding on the undeveloped record that appellant could establish no more than a claim for nominal damages, the trial court went beyond what it could properly determine on preliminary objections.[6] Appellant alleges that the alternatives offered to subscribers, including pro-rata refunds, were inadequate. Though appellee might establish that its offer is adequate, the amount of damages in a breach of contract action can usually be determined only after discovery, and, if necessary, a trial.[7] Deciding at this juncture that appellant would be entitled to no more than nominal damages deprived appellant of the opportunity to prove his claim by the established procedures.[8] The case should proceed as an action at law for recovery of damages for breach of contract.

**6.** Appellee did not assert on preliminary objections that no cause of action had been stated. The preliminary objections were directed at the propriety of maintaining the suit as a class action for equitable relief. Thus, the question which the trial court addressed was not raised and should not have been decided. Moreover, it is doubtful whether the legality of damages sought could be raised by preliminary objections in the nature of a demurrer. Goodrich-Amram, § 1017(b)–11; *Hudock v. Donegal Mut. Ins. Co.*, 438 Pa. 272, 277 n. 2, 264 A.2d 668, 671 n. 2: "This rule is a sound one because a plaintiff should not be put out of court completely merely because he alleges the wrong measure of damages."

**7.** In proper circumstances the matter may be adjudicated through a Motion for Judgment on the Pleadings, Pa.R.Civ.P. 1034, or a Motion for Summary Judgment, Pa.R.Civ.P. 1035.

**8.** See *Buchanan v. Brentwood Federal Savings & Loan Ass'n*, 457 Pa. 135, 320 A.2d 117 (1974).

■■ Prior to the resolution of the damage issue, appellant must be allowed an opportunity to sustain his burden that the case is properly maintainable as a class action. Appellant should be afforded a reasonable opportunity to amend his complaint, and establish, if he can, that the case meets the minimum requirements for maintaining a class action: (1) he is a member of the class; [9] (2) the class consists of persons "so numerous as to make it impracticable to join all as parties;" [10] (3) "he will adequately represent the interests of all class members;" [11] (4) his interests are consonant with all members of the class; [12] (5) there is a common issue shared by all class members which can be justly resolved in a single action; [13] and (6) the relief sought is beneficial to all class members. [14] A party purporting to represent a class who cannot, after a reasonable opportunity, define and limit the class so that the matter will move to trial will be found not to have sustained the burden necessary to proceed as a class.

**9.** *McMonagle v. Allstate Ins. Co.*, 460 Pa. 159, 331 A.2d 467 (1975); *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 130 A. 2d 511 (1957).

**10.** Pa.R.Civ.P. 2230.

**11.** Id. See *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968): "To be sure, an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation."

**12.** *Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974); *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 130 A. 2d 511 (1957).

**13.** See *McMonagle v. Allstate Ins. Co.*, supra, noting the "obvious relevance of federal practice under [Fed.R.Civ.P.] 23;" *Buchanan v. Brentwood Federal Savings & Loan Ass'n*, supra; *Korona v. Bensalem Twp.*, 385 Pa. 283, 122 A.2d 688 (1956)

**14.** *Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974); *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 130 A. 2d 511 (1957). We need not here decide whether there are, in certain cases, additional requirements which one who attempts to bring a class action must meet, e. g., as required under the federal practice, that the class action is superior to other available methods for handling the controversy. See *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668 (9th Cir. 1975); *Katz v. Carte Blanche*, 496 F.2d 747 (3d Cir. 1974).

Here it is conceivable that appellant could plead and establish that he can properly represent a class composed of all Pennsylvania residents [15] with similar unexpired LIFE subscriptions who have not settled their claims and have similar damage claims to be resolved.[16] Even if appellant cannot establish that the action is a proper class action, his individual damage action may still go forward.[17]

Trial courts are vested with broad discretion in determining definition of the class as based on commonality of issues and the propriety of maintaining the action on behalf of the class. We cannot agree, however, that the trial court may simply pronounce, as it did here that "to handle the case as a class action here would not be judicially or economically feasible."

15. Because the jurisdiction of the courts of the Commonwealth is territorially limited, the class may consist only of Pennsylvania residents. The class may also include non-residents who submit themselves to the jurisdiction of the state courts. See *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A.2d 349 (1965); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Pennoyer v. Neff*, 95 U.S. 714 (1877); cf. *Simpson v. Simpson*, 404 Pa. 247, 172 A.2d 168 (1961); *McGinley v. Scott*, 401 Pa. 310, 164 A.2d 424 (1960).

16. Appellant's complaint states that he represents a class of all persons who had unexpired LIFE subscriptions—more than 5 million people. The record indicates however that the class of which he is a member will be substantially smaller. The class is limited by the court's jurisdiction, note 15 supra. It also appears that there were various subscription agreements not all of which may be sufficiently similar to appellant's. Furthermore, appellee contends many subscribers have settled their claims which, if true, would preclude recovery of damages on their behalf.

17. Plaintiff attempts to assert a cause of action for fraud. The successful maintenance of a cause of action for fraud includes, inter alia, a showing that the plaintiff acted in reliance on the defendant's misrepresentations. *Thomas v. Seamans*, 451 Pa. 347, 304 A.2d 134 (1973); *Savitz v. Weinstein*, 395 Pa. 173, 149 A.2d 110 (1959); *Edelson v. Bernstein*, 382 Pa. 392, 115 A.2d 382 (1955). Because such a showing would normally vary from person to person, this cause of action is not generally appropriate for resolution in a plaintiff-class action. Thus, plaintiff might choose to proceed individually on this claim and his damage claim.

A cause of action has been stated with a damage claim to be resolved by our established litigation process. Appellant must be afforded an opportunity to proceed at law in an action for damages and to establish, if he can, that he may do so on behalf of a class.

Decree vacated. Case remanded for certification to the law side of the court and proceedings consistent with this opinion. Each party pay own costs.

JONES, C. J., did not participate in the consideration or decision of this case.