419 A.2d 548

**Phillip J. SCOTT and Lorraine M. Scott, on behalf of themselves and all others similarly situated, Appellants,**

v.

**ADAL CORPORATION and Girard Trust Bank, on behalf of themselves and all others similarly situated, and Joseph A. Sullivan, Sheriff of Philadelphia County, Appellees.**

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed March 21, 1980.

460

Henry J. Sommer, Philadelphia, for appellants.

Jeffrey P. Lowenthal, Philadelphia, for appellees.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HOFFMAN, Judge:

This is an appeal from an order granting appellee Joseph A. Sullivan, Sheriff of Philadelphia County (Sheriff), judgment on the pleadings and an order sustaining the preliminary objections of appellees Adal Corporation (Adal) and Girard Trust Bank (Girard) and dismissing appellants' class action complaint in equity. Appellants contend, *inter alia*, that the lower court erred in concluding that the individual members of their class have an adequate remedy at law.[1] We agree and, accordingly, reverse the orders of the lower court and remand for further proceedings.

Appellants instituted this action by filing a complaint in equity on behalf of themselves and the class of all persons who have had or are subject to having their real property sold for grossly inadequate prices [2] at sales conducted by the Sheriff in execution on judgments where the deeds to such property have not yet passed from the Sheriff to the purchasers. The action was brought against appellees and the class of all persons who are execution creditors or purchasers of real property sold at sheriff's sales in execution on judgments against appellants or members of their class. The complaint averred that in 1975 Adal and Girard filed a complaint in the Court of Common Pleas of Philadelphia and obtained a money judgment against appellants. Appellants alleged that they never received notice of the complaint or judgment and that they had meritorious defenses to the complaint. The complaint further averred that Adal and

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, is sitting by designation.

1. Because of our disposition of this case, we do not decide appellants' other contentions.

2. Appellants alleged that a price of less than one–half of the property's fair market value is inadequate per se.

Girard sought to execute on the judgment by a sheriff's sale of appellant's home. The home, which appellants alleged had a fair market value of approximately $15,000.00, was sold for $1,000.00 by the Sheriff to Adal and Girard. The deed to the property has not yet passed to the purchasers. Appellants alleged that the Sheriff sold their home and the real property of members of their class for grossly inadequate prices. Appellants further alleged that the Sheriff failed to utilize any procedure to ensure that the properties were sold for adequate prices. Additionally, the complaint averred that appellees have conducted and participated in the sheriff's sale process in such a manner as to deprive appellants and their class members of their property without due process of law. Appellants requested the court to grant the following relief: (1) open or strike the judgment against appellants or, in the alternative, permanently enjoin appellees from executing thereon; (2) set aside the sheriff's sales of their property and that of members of their class; (3) permanently enjoin the Sheriff from passing title in any sheriff's sale of appellants' property and that of members of their class; (4) order the Sheriff to establish and utilize a procedure which will ensure that title will not pass where the properties of appellants' class are sold at sheriff's sale for inadequate prices or without due process of law; and (5) such other relief as the court may consider just and equitable.

■ Adal and Girard filed preliminary objections, and the Sheriff filed a motion for judgment on the pleadings. The lower court, concluding that appellants and the members of their class have an adequate remedy at law, granted Adal's and Girard's preliminary objections and the Sheriff's motion for judgment on the pleadings. This appeal followed.[3]

3. Adal and Girard argue that the order granting their preliminary objections and dismissing appellant's complaint is not appealable as a final order because appellants can pursue the same remedies by filing an action on the law side of the court. "A final order is one which usually ends the litigation, or alternatively, disposes of the entire case." *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 542 (1978). " 'The finality of an order is a judicial conclusion which can

A court of equity may refuse to exercise jurisdiction where plaintiff has an adequate remedy at law. *See, e. g., DeLuca v. Buckeye Coal Co.,* 463 Pa. 513, 345 A.2d 637 (1975); *Barco, Inc. v. Steel Crest Homes, Inc.,* 420 Pa. 553, 218 A.2d 221 (1966); *Mahan v. Lower Merion Township,* 418 Pa. 558, 212 A.2d 217 (1965). Rule 3132 of the Pennsylvania Rules of Civil Procedure provides in pertinent part: "Upon petition of any party in interest before delivery . . . of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." The fact that a court acting pursuant to Rule 3132 may apply equitable principles does not change the fact that the proceeding is one for the law side of the court. *See Trachtenburg v. Sibarco Stations, Inc.,* 477 Pa. 517, 524, 384 A.2d 1209, 1212 (1978) (assumpsit action for the purchase price of land). It has long been recognized that gross inadequacy of price is a sufficient basis for setting aside a sheriff's sale. *See, e. g., Capozzi v. Antonoplos,* 414 Pa. 565, 201 A.2d 420 (1964); *Bell v. Mock,* 413 Pa. 71, 197 A.2d 610 (1963); *Hettler v. Shephard,* 326 Pa. 165, 191 A. 581 (1937).

In the instant case, the lower court agreed with appellees' contention that because appellants and members of their class can petition the court pursuant to Pa.R.Civ.P. 3132 to set aside each sheriff's sale where the property is sold for a grossly inadequate price, they have an adequate remedy at

be reached only after an examination of its ramifications.' " *Id.,* 483 Pa. at 73, 394 A.2d at 545 (quoting *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975)). Generally, an order sustaining preliminary objections and dismissing a complaint is a final order. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 487 Pa. 266, 270, 409 A.2d 343, 345 (1979). Although an order certifying a case from the equity side to the law side of the court generally is not appealable as a final order, *see* 5 Goodrich–Amram 2d § 1509(c): 2, at 129 (1977), and cases cited therein, an order dismissing a complaint in equity is a final order. *Goldman v. McShain,* 432 Pa. 61, 65, 247 A.2d 455, 457 (1968) (dictum). We therefore conclude that the order dismissing appellants' complaint is presently appealable.

law.[4] However, in dismissing appellants' complaint against Adal and Girard and entering judgment on the pleadings in favor of the Sheriff, the lower court did not fully consider the class aspects of this case.

■ At the time this action was instituted, class actions were governed by Pa.R.Civ.P. 2230.[5] Pursuant to that rule, our Supreme Court has held that members of a class are considered parties to the action from the filing of the complaint until properly excluded by the trial court. *See Alessandro v. State Farm Mutual Insurance Co.*, 487 Pa. 274, 279 n.9, 409 A.2d 347, 350 n.9 (1979); *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975).[6] Before the case moves beyond the pleading stage, the complaint must contain averments establishing that the following requirements are met:

"(1) [the class representative] is a member of the class; (2) the class consists of persons 'so numerous as to make it impracticable to join all as parties;' (3) 'he will adequately represent the interests of all class members;' (4) his interests are consonant with all members of the class; (5) there is a common issue shared by all class members which can be justly resolved in a single action; and (6) the relief sought is beneficial to all class members."

*Bell v. Beneficial Consumer Discount Co.*, 241 Pa.Super. 192, 198–99, 360 A.2d 681, 684 (1976) (quoting *Klemow v. Time*,

---

**4.** The lower court also agreed with appellees' contention that appellants have an adequate remedy at law to challenge the judgment entered against them because they can file a petition to open or strike the judgment in the court in which the judgment was entered. *See Dunn v. Hild*, 324 Pa. 530, 188 A. 834 (1937).

**5.** Rule 2230(a) provided:
    If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto.
Class actions are now governed by Pa.R.Civ.P. 1701–1716 (effective Sept. 1, 1977).

**6.** This rule is now codified in Pa.R.Civ.P. 1701(a). *See* Pa.R.Civ.P. 1701, Accompanying Note.

*Inc.*, 466 Pa. 189, 196, 352 A.2d 12, 15, *cert. denied*, 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976)).[7] Our Court has held that the appropriate procedure to challenge a class action is to file a motion to strike off the complaint pursuant to Pa.R.Civ.P. 1017(b)(2). *Bell v. Beneficial Consumer Discount Co., supra*, 241 Pa.Super. at 204, 360 A.2d at 687. *See* Pa.R.Civ.P. 1509(a) (preliminary objections authorized by Rule 1017(b) are available in equity actions). "Trial courts are vested with broad discretion in determining definition of the class as based on commonality of issues and the propriety of maintaining the action on behalf of the class." *Klemow v. Time, Inc., supra*, 466 Pa. at 197, 352 A.2d at 16. *See also Bell v. Beneficial Consumer Discount Co., supra*, 465 Pa. at 235, 348 A.2d at 739.

In *Klemow v. Time, Inc., supra*, plaintiff instituted a class action in equity on behalf of himself and other subscribers of Life Magazine, seeking damages and an injunction to compel the defendant to continue publishing Life. Defendant filed preliminary objections contending that the action was not a proper class action and that plaintiff had an adequate remedy at law. The trial court dismissed the class action, reasoning that " 'to handle this case as a class action here would not be judicially or economically feasible.' " 466 Pa. at 194, 352 A.2d at 14. Additionally, the trial court dismissed the individual action without prejudice on the ground that plaintiff had an adequate remedy at law. Our Supreme Court agreed that this was not a proper case for equitable relief but held that a trial court may not dismiss a class action on the basis stated by the lower court. The Supreme Court held that plaintiff "must be afforded an opportunity to proceed at law in an action for damages and to establish, if he can, that he may do so on behalf of a class." *Id.*, 466 Pa. at 198, 352 A.2d at 16.

█ In the instant case, the lower court believed that it did not have to reach the issue of whether the case could

7.  The prerequisites to a class action are now set forth in Pa.R.Civ.P. 1702.

proceed as a class action because it found that appellants and the members of their class had an adequate remedy at law. The effect of the court's decision, however, is to prevent appellants from bringing a class action at law. Unlike *Klemow v. Time, Inc., supra*, this case cannot now proceed as a class action on the law side of the trial court. Pa.R.Civ.P. 3132 requires the filing of a "petition" by a "party in interest" to set aside a sheriff's sale. As the lower court acknowledged in its opinion, each member of the class would have to file a petition to set aside the sale of his individual property. We conclude that members of a class do not have an adequate remedy at law when they must file individual actions. To hold otherwise would permit courts to eviscerate the purpose of the class action device. *See Lilian v. Commonwealth*, 467 Pa. 15, 21, 354 A.2d 250, 253 (1976) ("The class action in Pennsylvania is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims").

Because the lower court did not afford appellants an opportunity to sustain their burden of proving that this case is properly maintainable as a class action, we must reverse and remand for further proceedings. *See Klemow v. Time, Inc., supra.*

Orders reversed and case remanded for proceedings consistent with this opinion.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the well-reasoned Opinion of Judge Greenberg of the court below.